**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**MARK BRANDON BAKER** and
**JACOB O'BRYANT,**
*Individually, and on behalf of themselves
and other similarly situated current and
former employees*,

      Plaintiffs,

v.                                                                                        Case No. _____


**GAMESTOP CORP.**                                          **FLSA COLLECTIVE ACTION**
**d/b/a Spring Mobile,**
*a Delaware Corporation,* and
**SPRING COMMUNICATIONS HOLDINGS, LLC,**   **JURY DEMANDED**
**d/b/a Spring Mobile,**
**formerly Spring Communications Holdings, Inc.,**
*a Delaware Limited Liability Company,*

      Defendants.

## ORIGINAL COMPLAINT

Plaintiffs Mark Brandon Baker and Jacob O'Bryant, individually, and on behalf of themselves and other similarly situated current and former employees, bring this collective action against Spring Mobile, an exclusive AT&T retailer currently owned by Prime Communications and formerly part of Technology Brands, a division of GameStop Corp., d/b/a Spring Mobile and allege as follows:

# I.
# INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendants.

# II.
# JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims, as Plaintiffs' claims are pursuant to a federal statute. 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this district at all times relevant to this action, Defendants regularly conducted and continue to conduct business in this district, and have engaged and continue to engage in the wrongful conduct alleged herein in this district during all material times in this cause. For these same reasons, this Court has personal jurisdiction over Defendants, since personal jurisdiction is proper under Tennessee's Long Arm Statute, Tenn. Code Ann. § 20-2-214.

# III.
# CLASS DESCRIPTION

4. Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former retail employees of Spring Mobile, who were paid an hourly wage plus commission, and who were employed in the United States at any time during the applicable limitations period

      covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

## IV.
## PARTIES

5. Defendant Spring Mobile was formerly part of Technology Brands as a division of GameStop Corp. ("GameStop"), a Delaware corporation with its corporate headquarters at 625 Westport Parkway, Grapevine, TX 76051. During the time period relevant to this action, GameStop was Plaintiffs' and similarly situated individuals' "employer" or "joint employer", as that term is defined in the FLSA, 29 U.S.C. §203(d). Upon information and belief, Plaintiffs' and similarly situated individuals' condition of employment, including commission structures and payment of commissions, were managed and decided by GameStop's Technology Brands division, which does business as Spring Mobile, Cricket, and Simply Mac.

6. Defendant Spring Mobile, currently owned by Prime Communications, L.P., is located at 12550 Reed Road Ste. 100 Sugar Land, TX 77478. Upon information and belief, Prime Communications was never Jacob O'Bryant's or Mark Baker's employer.

7. Upon information and belief, Plaintiffs were employed by a company held by Spring Communications Holding, Inc., a wholly owned subsidiary of Defendant GameStop, which was centrally and exclusively managed by GameStop's Technology Brands division as Spring Mobile, Simply Mac, and Cricket retail stores.

8. Spring Communications Holding, Inc. had its principal office at 625 Westport Parkway, Grapevine, TX 76051, the same as GameStop. Spring Communications Holding, Inc. was

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

converted to a limited liability company in May of 2019 and may be served through its registered agent for service of process: CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

9. GameStop is a non-Tennessee resident that regularly conducts business within Tennessee through its subsidiaries and through its Technology Brands division. GameStop may be served at its headquarters, 625 Westport Parkway, Grapevine, Texas 76051.

10. On or around January 17, 2019, GameStop sold Spring Mobile to Prime Communications, an AT&T authorized retailer, whose address is believed to be 12550 Reed Road, Suite 100, Sugar Land, Texas 77478.

11. Plaintiffs Mark Brandon Baker ("Mr. Baker") is and was a resident of this district and was employed by Defendants as a sales person on an hourly-plus-commission basis. (The consent of Mr. O'Bryant is attached hereto as *Exhibit A*.)

12. Plaintiffs Jacob O'Bryant ("Mr. O'Bryant") is and was a resident of this district and was employed by Defendants as a sales person on an hourly-plus-commission basis. (The consent of Mr. O'Bryant is attached hereto as *Exhibit B*.)

## V.
## ALLEGATIONS

13. During the relevant time period, Spring Mobile was also known as Technology Brands, a division, or segment, of GameStop that sells AT&T compatible phones, AT&T data plans, cell phone accessories and DirectTV Service through its "Spring Mobile" branded locations, which are authorized AT&T franchises; sold cell-phones, accessories, and pre-paid phone service through its "Cricket" branded locations; and sells Macintosh/Apple hardware, software, and accessories through its "Simply Mac" locations, which are authorized Apple

retailers. "Spring Mobile," "Cricket," and "Simply Mac" are collectively referred to as "Technology Brands stores."

14. On January 28, 2017 GameStop owned and operated 1,522 Technology Brands stores nationwide.

15. By February 3, 2018, Technology Brands stores numbered 1,377, the result of GameStop acquiring or opening 62 new locations and closing 207 locations, including all of its Cricket stores.

16. During the last twenty-four to thirty-six months, GameStop owned and operated at least 1,584 Technology Brands stores, including those stores in which Plaintiffs work, held by Spring Communication Holdings, Inc., a subsidiary of GameStop.

17. Defendants are and have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d).

18. Defendant GameStop, through its Technology Brands division, which included Spring Mobile, employed Plaintiffs and those similarly situated.

19. As Plaintiffs' employer, Defendant GameStop, through its Technology Brands division, which included Spring Mobile, set wage and hour policies, including employees overtime pay, commission pay, and overtime rate.

20. Technology Brands stores are centrally managed, with executives responsible for company-wide policies, including compensation policies.  Such executives include Chief of Staff, Erin Olson; Senior VP of Sales, Brett Bradshaw; Simply Mac Division VP of Sales & Tech Brands Emerging Businesses, Tommy Aoki; President of Sales and Store Operations, Gary Riding; Division VP of HR, Dave Buchanan; and VP of Operations, Chris Robinson.

21. Upon information and belief, the executives of Technology Brands originated with Spring Mobile, and largely remained with Spring Mobile when Spring Mobile was sold to Prime Communications.

22. Technology Brands stores, including Spring Mobile stores, compensate their hourly-paid retail associates by paying an hourly pay rate plus a commission, which is paid according to frequently adjusted formulas.

23. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

24. Plaintiffs seek to recover as an employee of Spring Mobile, regardless of Spring Mobiles' current or former parent.

25. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

26. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.

27. Defendants have and continue to employ non-exempt hourly-paid workers whose primary duties are retail sales, customer service, and/or the management or training of other non-exempt hourly-paid workers engaged in the same.

28. Defendants have and continue to employ a uniform payment structure for its retail sales associates which violates the FLSA's overtime policies because the commission payments

and/or non-discretionary bonuses earned by Plaintiffs' and those similarly situated employees are not included in such employees' regular rate when overtime payments are calculated.

29. Defendants failed to include commission payments and/or nondiscretionary bonuses in the regular rate of pay for Plaintiffs and those similarly situated resulted in underpayment of overtime. Overtime was paid solely on Plaintiffs' base hourly rate rather than Plaintiffs regular rate, which generally requires the inclusion of commission payments and non-discretionary bonuses in the regular rate when calculating overtime.  *See* 29 C.F.R. 778.117.

30. The net effect of Defendants' aforementioned plan is that Defendants willfully failed to pay Plaintiffs and other similarly situated employees premium pay for overtime work in order to save payroll costs. As a consequence, Defendants have violated the FLSA and thereby have enjoyed ill-gained profits at the expense of Plaintiffs and others similarly situated.

31. Plaintiffs and others similarly situated are entitled to a recovery of back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendants for all such unpaid overtime that is available under the FLSA.

32. Plaintiffs do not have access to their full pay records from the time they worked as Defendants' employees, and Plaintiffs cannot calculate the full amount of damages they are owed. Plaintiffs believe that such information will be ascertained through discovery.

33. Plaintiffs' damages are, on a week-by-week basis for each Plaintiff, are calculable as follows:
    (a) the amount Defendants paid Plaintiffs for all work, including Plaintiffs' base rate of pay and any commission or bonus payments, divided by the hours Plaintiffs worked;
    (b) the result from above is multiplied times 1.5, which is again multiplied by the number of hours that Plaintiffs worked over forty (40) for the same week; and then

(c) this result is subtracted from the amount Defendants paid Plaintiffs for overtime work for the same week.

34. The precise amount of damages due Plaintiffs will be easily obtained through limited discovery.

35. Plaintiffs' damages are the amount specified in the paragraph above, liquidated, plus any interest, attorney's fees, or costs that the Court deems appropriate.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs brings this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

37. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

38. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and can only be ascertained through applicable discovery, Plaintiffs believe there are at least thousands of individuals in the class.

39. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for Defendants' retail or retail-related position at an hourly-plus-commission rate during the statutory period.

40. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Defendants properly calculated Plaintiffs' overtime rate;

- The correct statutes of limitations for the claims of Plaintiffs and other members of the class;

- Defendants' affirmative defenses;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

41. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class.  Plaintiffs have no interests adverse to the class, and Plaintiffs have retained competent counsel who are experienced in collective action litigation.

42. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

43. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

44. Plaintiffs, on behalf of themselves and other members of the class, repeats and re-alleges Paragraphs 1 through 43 above as if they were set forth herein.

45. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all times relevant herein, Defendants have employed (and/or continue to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

47. At all times relevant herein, Defendants have had a uniform plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class appropriate overtime compensation for all of their hours worked.

48. Defendants knew or showed willful disregard for the fact that its compensation policies violated the FLSA since Defendants did not calculate Plaintiffs' overtime rate in accordance with federal regulations, nor did Defendants compensation scheme ensure that Plaintiffs would be exempt from the FLSA.

49. Due to Defendants' willful FLSA violations, as described above, Plaintiffs and the other members of the class are entitled and, hereby seek, to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiffs and the other members of the class at the applicable FLSA overtime rate of pay.

C. An award of liquidated damages to Plaintiffs and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: June 7, 2019.  Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR # 35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

Attorneys for the Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees